UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EUGENE KELLY | § | CIVIL ACTION |
| | § | |
| versus | § | NO. 3:15-cv-00772-SDD-SCR |
| | § | |
| ARCH INSURANCE COMPANY, | § | JUDGE SHELLY D. DICK |
| CASEY CARVER, PHENIX | § | |
| TRANSPORTATION WEST, INC. | § | MAG. JUDGE RIEDLINGER |
| and ARTHUR PAYTON | § | |

## SUPPLEMENTAL OPPOSITION TO MOTION TO REMAND

MAY IT PLEASE THE COURT:

Defendants submit this Supplemental Opposition to provide this Court with additional and newly discovered evidence confirming that Plaintiff failed to affect valid long-arm service on Casey Carver ("Carver"). Carver did not live at the address at which Plaintiff attempted service by certified mail, and Carver was not, therefore, properly served and was not required to consent to removal.

**1. TIMELINE**

The dates relevant to this aspect of the pending Motion to Remand are as follows:

- April 18, 2012: Carver obtains a Mississippi commercial driver's license listing his address as 112 Heights Road, McComb, Mississippi 39648.

- July 15, 2014: Carver completes an application with Phenix Transportation for employment identifying his address as 1040 Frank Carver Road, Magnolia, Mississippi 39648. This means that Carver had moved from the Heights Road address over a year *before* Plaintiff attempted long-arm service.

- July 23, 2014: The accident at issue in this litigation occurs. A police report is prepared reflecting the *old* address listed on Carver's driver's license: 112 Heights Road, McComb, Mississippi 39648. (Doc. 6-12)

- December 8, 2014: Carver applies for a marriage license in Pike County, Mississippi, listing as his home address 10317 HWY 14, Sallis, Mississippi. This is the second

known address for Carver within six months, confirming Defendants' contention that Carver was an itinerant truck driver.

- July 23, 2015:   Plaintiff files suit, listing Carver's address as 112 Heights Road, McComb, Mississippi 39648, the address listed on the three-year old driver's license. (Doc. 1-2, at pages 2- 6)

- July 31, 2015:   Plaintiff sent a certified letter to Carver at 112 Heights Road, McComb, Mississippi 39648, allegedly attempting long-arm service.  This letter was returned to Plaintiff's counsel as unclaimed.

- September 11, 2015:   Plaintiff filed an Affidavit of Long-Arm Service regarding the failed service at 112 Heights Road, McComb, Mississippi 39648. (Doc 1-2, at pages 90-92)

- October 28, 2015:  Defendants respond to Plaintiff's Interrogatories and Requests for Production of Documents, informing Plaintiff of the 1040 Frank Carver Road, Magnolia, Mississippi 39648 and providing Plaintiff with Carver's application for employment reflecting the same address.

- On November 17, 2015, Defendants removed this matter to this Court.  At no time between October 28, 2015 and the date or removal did Plaintiff attempt to serve Carver at another address, or to have a curator appointed for service on Carver.

2. **FACTUAL SUMMARY**

In their original Opposition to Motion to Remand (Doc. 6-1), Defendants, Phenix Transportation West, Inc. ("Phenix") and Arch Insurance Company informed this Court that Carver, a third defendant, was never served and, therefore, his consent was not required for removal.  Plaintiff claimed that he had complied with the Louisiana long-arm statute by mailing a copy of his Petition to Carver, at "112 Heights Road, McComb, Mississippi 39648", the address found in the police report.  Defendants responded that Carver was an itinerant truck driver who had not maintained a fixed address, that Defendants had employed Carver for less than 30 days and were unaware of his current residence, and that no evidence existed to suggest that service on Carver at the Heights Rd. address was sufficient.

These contentions are supported by documentary evidence.  On October 28, 2015,

Defendants responded to Plaintiff's Interrogatories and Requests for Production of Documents. (Exhibit 1: Defendants' Answers to Interrogatories and Responses and Objections to Plaintiff's Requests for Production.) In response to Interrogatory No. 4, Defendants listed Carver's address as 1040 Frank Carver Road., Magnolia, Mississippi 39648, the last address known to Defendants. In response to Request No. 26, Defendants produced Carver's personnel file from Phenix. Included in that production was Carver's commercial driver's license. (Exhibit 2: License, Bates stamped "Kelly 0061") This license, which bears the Heights Road address, was issued on April 18, 2012, more than two years prior to the subject accident. Also included in Defendants' October 28, 2015 production was the application completed by Carver on July 15, 2014, just eight days prior to the accident at issue in this litigation. (Exhibit 3: Application, Bates stamped "Kelly 0065 – Kelly 0071".) In that application, Carver listed his address as 1040 Frank Carver Road. This document, produced to Plaintiff three weeks before Defendants removed this matter to federal court, and over six weeks before he moved to remand this matter to state court, placed Plaintiff on notice that Carver was not living at the Heights Road address at the time of the accident and that Plaintiff had not made satisfactory service on Carver.

Defendants now have learned that, on December 8, 2014, Carver completed an Application for Marriage License in Pike County, Mississippi. (Exhibit 4: Application for Marriage License). The application, which identifies Carver as a truck driver with the same birth date (April 23,1978) recorded in Carver's employment application (Exhibit 3), lists *a third address* for Carver: 10317 Hwy 14, Sallis, MS. This confirms that Carver had not lived at the Heights Road address for over a year before this suit was filed, but also had not maintained a consistent address since leaving Phenix's employ, and had moved to a new address, unknown to Defendants, several months before suit was filed.

## 3. LEGAL ARGUMENT

As previously noted, the Middle District has held, in a case substantially similar to the present matter, that long-arm service attempted by certified mail to an address which *may* have been correct at the time of an accident, but which, evidence showed, was no longer correct at the time of the certified mailing, did not constitute satisfactory service.  In the matter of *Grace v. Myers,* No. CV 15-300-JWD-RLB, 2015 WL 4939893 (M.D. La. Aug. 18, 2015) the Middle District ruled that:

> Here, the Removing Defendants have submitted proof (the Myers Affidavit) that Myers did not live at 1732 Hunting Green Rd., Fort Worth, Texas at the time the certified letters were mailed to him at that address. . . .  Based on the foregoing, it is clear that Plaintiff did not properly serve Myers pursuant to La. R.S. § 13:3204, as Myers did not live at his former address in Fort Worth, Texas at the time service was attempted.

*Id*. at 4-5.

In the present matter, Carver was actually one step more removed from the attempted service address than the defendant in *Grace*.  While the *Grace* defendant had moved since the accident there at issue, Carver did not even live at the Heights Road address at the time of the July 23, 2015, accident now sued upon.  As confirmed by the personnel file materials produced in discovery by Defendants, at the time of his application to Phenix in July 15, 2014, Carver had already moved from Heights Road to Frank Carver Road.  He then moved, *at least one more time,* before December 8, 2014, when he listed a new address, in Sallis, Mississippi, on his application for a marriage license.  Plaintiff simply failed to effect valid long-arm service.

In *Grace*, the Middle District held that defective long-arm service on a defendant at a non-current address meant that defendant did not need to consent to removal.  It is clear that Plaintiff in the matter before this Court similarly failed to serve Casey Carver, and, therefore, his

consent was not necessary for removal. For this reason, and all other reasons set forth in Defendant's original Opposition, Plaintiff's Motion to Remand should be denied.

Respectfully submitted,

ADAMS HOEFER HOLWADEL, LLC

*s/ Phillip J. Rew*
IRA J. ROSENZWEIG, T.A. (No. 17123)
PHILLIP J. REW (No. 25843)
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130
Telephone: (504) 581-2606
Facsimile: (504) 525-1488
Email: ijr@ahhelaw.com
pjr@ahhelaw.com

Attorneys for defendants, Phenix Transportation West, Inc. and Arch Insurance Company

**Certificate of Service**

I hereby certify that on April 7, 2016, a copy of the foregoing has been served upon counsel for all parties to this proceeding by filing same with the Court's electronic filing system, which will automatically send a copy to all counsel.

*s/ Phillip J. Rew*